# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    ALEXANDER SEAWRIGHT TRANSPORTATION, LLC    CHAPTER 11
Debtor    CASE NO. 19-00217-NPO

## EMERGENCY MOTION FOR CONTEMPT, SANCTIONS AND OTHER RELIEF

COMES NOW Alexander Seawright Transportation, LLC (the "Debtor" or "Movant"), and files this its Emergency Motion for Contempt, Sanctions and Other Relief (the "Motion"), and in support thereof, would respectfully show unto this Honorable Court as follows, to-wit:

1. This Chapter 11 case was initiated by the filing of a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on January 18, 2019. Subsequent to the filing of the Petition, the Movant has been, and is, the duly qualified, and acting, Debtor-in-possession in this Chapter 11 case. The Movant is either in possession of the assets of the Debtor-in-possession, or is making efforts, through the Motion, to obtain possession of the assets and property of the estate and the Movant is operating the business of the Debtor-in-possession.

2. This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 157 and 1334; 11 U.S.C. § 105, 362, 363, 1107, related statutes, related rules and various orders of reference. This is a core proceeding.

3. Movant is in the business of transporting goods, for its customer base, to various locations. Movant either leases or purchases (through secured transactions) various trucks/tractors and trailers to accomplish its business purposes.

4. Prior to the filing of the Petition herein, Movant financed the lease and/or purchase of various vehicles from Southern States Utility Trailer Sales, Inc. ("Utility").

5. Prior to the filing of the Petition, Utility, through its agent Neil Hayles d/b/a Hayles Towing Company ("Hayles"), repossessed various property owned by, or leased to, the Movant. On

information and belief, Utility and/or its agent Hayles retains possession (actual or constructive) of the repossessed property of the Movant.

6. Immediately upon the filing of the Petition, Movant and its counsel attempted to make telephonic, electronic and actual contact with Utility and Hayles, requesting information as to how to obtain possession of the repossessed property, which remains property of this Chapter 11 estate. Movant's counsel left voicemail messages for Kevin Hahn and Ken Knotts, both of whom were identified as representatives of Utility by the Utility staff. The voicemail messages advised Kevin Hahn and Ken Knotts of the filing of the Chapter 11 case, the case number and requested feedback with respect to Movant's obtaining possession of its repossessed property. Movant's counsel received no return calls from either Kevin Hahn and Ken Knotts.

7. In addition, Movant provided electronic mail notice to Utility and Hayles, advising of the filing of the Chapter 11 case and that Movant needed to make arrangements for the return of its repossessed collateral, pursuant to the additional electronic mail transmissions submitted to Utility and Hayles by Movant's counsel. Copies of the aforesaid electronic mail transmissions are attached, incorporated by reference and marked as **Exhibit "A"**.

8. Movant's counsel did have a telephone conference with Hayles wherein Movant's counsel advised Hayles that arrangements needed to be made for the return of the repossessed property of the Movant, or retention of the property would result in Movant being required to take this action, thereby unnecessarily increasing the costs, fees and expenses in this case. Without going into detail about the exact response of Hayles, it was made clear by Hayles to Movant's counsel that he was not going to return the repossessed property. Later, Hayles advised a representative of the Movant that he would not return the property absent a replevin order accompanied by a deputy sheriff serving the replevin order upon him.

9. The failures of Utility and Hayles to immediately respond to reasonable, "lawful" requests from the Movant and its counsel to return the repossessed property are blatant violations of the automatic stay and constitute actions that are in contempt of Court.

10. Movant has not only lost possession of its property, one of the repossessed trailers contains a load of produce which may very well have deteriorated now to the extent that it is useless and spoiled. As a result, Movant has not only been deprived of the use and benefit of its property, it has lost profits as a result of the actions and inactions of Utility and Hayles and may very well have lost customers (and the resulting future profits) because of the actions and inactions of Utility and Hayles.

11. Accordingly, an urgent and emergency situation exists with respect to the return of the collateral repossessed and held by Utility and Hayles.

12. Further, Movant is entitled to actual damages that it may prove at a subsequent hearing for lost profits and related costs, future profits in the event of the loss of a customer, damages for the spoiled produce, related damages, costs and expenses, attorneys' fees, punitive damages and all costs of court incurred herein.

WHEREFORE, PREMISES CONSIDERED, Movant respectfully prays that upon an initial, emergency hearing hereof this Honorable Court will enter its order requiring Utility and Hayles to immediately deliver all repossessed and held property of the Debtor-in-possession to the Movant. Movant further prays that at a subsequent hearing the Court will award to it such damages for lost profits, related and incidental costs, expenses and damages, together with punitive damages as a direct and proximate result of the actions and inactions of Utility and Hayles in blatantly violating the automatic stay provision of 11 U.S.C. § 362, together will all costs of court incurred herein. Movant prays for general relief.

This, the 21st day of January, 2019.

Respectfully submitted,

ALEXANDER SEAWRIGHT TRANSPORTATION, LLC

By Its Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By _____
   Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
jnichols@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Alexander Seawright Trans\Pleadings\Mot for Contempt 1-21-19.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Ronald H. McAlpin, Esq.
Office of the United States Trustee
ronald.mcalpin@usdoj.gov

Neil Hayles
neil@haylestowing.com

Kevin Hahn
khahn@ssutility.com

Mike Thornton
mthornton@ssutility.com

Ken Knotts
kknotts@ssutility.com

THIS, the 21st day of January, 2019.

_____
Craig M. Geno

-4-

| | |
|---|---|
| **From:** | Jon Seawright <seawright@alexanderseawright.com> |
| **Sent:** | Friday, January 18, 2019 2:07 PM |
| **To:** | Kevin Hahn |
| **Cc:** | Mike Thornton; Tim Savell; astlogisticsllc@gmail.com; Craig Geno |
| **Subject:** | Re: Demand Letter |
| **Attachments:** | Notice of Bkcy Case Filing.pdf; ATT00001.htm |

Kevin and Mike,

I think you may be aware of the bankruptcy filing at this point, but if not the company filed a bankruptcy petition this morning. I have attached a copy of the notice of filing for your reference. More communication will follow as we get further into the process. jds



1

| | |
|---|---|
| **From:** | Craig Geno |
| **Sent:** | Friday, January 18, 2019 2:29 PM |
| **To:** | 'Jon Seawright'; 'Kevin Hahn' |
| **Cc:** | 'Mike Thornton'; 'Tim Savell'; 'astlogisticsllc@gmail.com' |
| **Subject:** | RE: Demand Letter |

Thanks Jon. I have left messages for the creditors advising them of the bankruptcy filing and a request to call me to arrange for the return of the repossessed property since the automatic stay is in effect. I have heard nothing from them except Neil Haylis did talk to me and refused to make the property available for return. I related to him that this action may be in contempt of court. He asked for my address, which I gave to him but I have not heard anything further.
Craig Geno

**From:** Jon Seawright [mailto:seawright@alexanderseawright.com]
**Sent:** Friday, January 18, 2019 2:07 PM
**To:** Kevin Hahn
**Cc:** Mike Thornton ; Tim Savell ; astlogisticsllc@gmail.com; Craig Geno
**Subject:** Re: Demand Letter

Kevin and Mike,

I think you may be aware of the bankruptcy filing at this point, but if not the company filed a bankruptcy petition this morning. I have attached a copy of the notice of filing for your reference. More communication will follow as we get further into the process. jds

1

| | |
|---|---|
| **From:** | Jon Seawright <seawright@alexanderseawright.com> |
| **Sent:** | Friday, January 18, 2019 1:57 PM |
| **To:** | neil@haylestowing.com |
| **Cc:** | Craig Geno; astlogisticsllc@gmail.com; Tim Savell |
| **Subject:** | AST Equipment |
| **Attachments:** | Notice of Bkcy Case Filing.pdf; ATT00001.htm |

Neil,

This email confirms Tim's prior demand to release the equipment of Alexander Seawright Transportation, LLC ("AST") currently held by Hayles Towing. As we discussed earlier, AST filed a bankruptcy petition this morning. A copy of the notice of filing is attached. Failure to return the equipment is a violation of the automatic stay that applies to bankruptcy proceeding. I have copied Craig Geno, the company's bankruptcy attorney, so he can answer any questions you have. jds

Jon Seawright
601.842.6317
seawright@alexanderseawright.com

1