# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: ALEXANDER SEAWRIGHT TRANSPORTATION, LLC. | CASE NO. 19-00217-NPO |
| DEBTOR | CHAPTER 11 |

### FIRST LIGHT PROGRAM MANAGERS'S SUPPLEMENTAL RESPONSE AND OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR IMPOSITION OF THE AUTOMATIC STAY, FOR DAMAGES, SANCTIONS AND FOR CONTEMPT

First Light Program Managers, Inc. ("First Light") submits this *First Light Program Managers's Supplemental Response to Debtor's Emergency Motion for Imposition of the Automatic Stay, For Damages, Sanctions and For Contempt* (the "Supplemental Response") in support of *First Light Program Managers, Inc.'s Preliminary Response and Objection to Debtor's Emergency Motion for Imposition of the Automatic Stay and Other Relief* (Dkt. # 98) in response to the *Emergency Motion for Imposition of the Automatic Stay, For Damages, Sanctions and For Contempt* (the "Motion," Dkt. # 76) filed by Alexander Seawright Transportation, LLC (the "Debtor"), on February 22, 2019. In support First Light shows as follows:

1. On January 18, 2019, at 11:13 a.m. (the "Petition Date"), the Debtor filed its Chapter 11 *Voluntary Petition for Non-Individuals Filing for Bankruptcy* (the "Petition," Dkt. # 1).

2. The Debtor's previous physical and damage cargo insurance policies were cancelled pre-petition on January 4, 2019 due to the debtor's non-payment of the monthly premiums.

1

3. On the Petition Date, just hours *post*-petition, approximately between 3:10 p.m. and 3:19 p.m., the Debtor sought out and obtained new insurance policies for physical damage and cargo insurance,[1] as evidenced by the respective proposals binding documents dated January 18, 2019 for insurance policy numbers MSAPD18076 (the "Physical Damage Policy") and IM00AF219 (the "Cargo Insurance Policy) or (together with the Physical Damage Policy, the "Policies"), respectively.

4. In connection with the Policies, and also just hours *post*-filing the Petition, the Debtor contracted with Premco Financial Corporation, Inc. ("Premco"), an insurance premium financing company, and Southern Insurance Specialist, Corp. ("SISC") to finance the down payment for and coverage provided by the Policies.[2]

5. SISC and First Light worked to finalize the Policies between approximately 12:20 p.m. and 4:17 p.m.

6. The Debtor's registered agent, Jon Seawright ("Mr. Seawright"), executed and submitted the Insurance Financing Contract between approximately 3:40 p.m. and 4:19 p.m., as evidenced by the time-stamps reflected on the signed version of the Insurance Financing Contract.

7. Paragraph 7 on page 2 of the Insurance Financing Contract states that "the INSURED confirms that there are no pending or anticipated bankruptcy, receivership or

---

[1] The Physical Damage Policy (as defined above) was procured through Lloyd's and First Light. The Cargo Insurance Policy (as defined above) was procured through Aspen.
[2] The Policies and the Insurance Premium Financing Contract and Security Agreement (the "Insurance Financing Contract") are sometimes collectively referred to hereafter as the "Policy Documents."

insolvency proceedings involving the INSURED, and there are no known or anticipated circumstances which will impair INSURED ability to fulfill its obligation under this contract" (the "Bankruptcy Disclosure Requirement").

8. The misrepresentation and fraud provision of the Physical Damage Policy specifically states:

> If the Assured has concealed or misrepresented any material fact or circumstance concerning this Insurance, or if the Assured shall make any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this Insurance shall become void and all claim hereunder shall be forfeited.

9. Mr. Seawright, a licensed practicing attorney, and partner in the tax department of a major law firm in Jackson, executed the Policy Documents fully knowing that the Debtor had already filed its Chapter 11 Petition hours prior to obtaining the new Policies.

10. In connection with the Insurance Financing Contract, Premco forwarded the financed funds for the Policies to SISC to hold in trust until the Insurance Financing Contract's terms were satisfied.

11. First Light issues cancellation notices on accounts for which they have binding authority upon invoices becoming past due from agents who are financing the insured's coverage (i.e., Premco).

12. The Debtor subsequently defaulted under the Policy Documents by, *inter alia*, failing to make the full down payment owed to Premco under the Insurance

Financing Contract and its agreement with SISC, and, in turn, failing to timely make the premium payments owed to First Life.

13. In light of the Debtor's default, First Light issued a Notice of Cancellation advising that coverage under the Physical Damage Policy would lapse at 12:01 a.m. on March 2, 2019.

14. The Debtor's purported effectuation of the Policy Documents in light of its current Chapter 11 proceeding is not only a breach of the Contract, but also a breach of Fed. R. Bankr. P. 4001(c), and is therefore invalid.

15. First Light's Notice of Cancellation does not violate the automatic stay because the Insurance Financing Contract and corresponding Physical Damage Policies were invalid based on the Debtor's failure to obtain Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 4001(c), the Debtor's violation of the Bankruptcy Disclosure Requirement and/or the Debtor's violation of the Misrepresentation/Fraud Provision and/or the Debtor's fraudulent inducement and bad faith.

16. Specifically, the Debtor did not obtain Bankruptcy Court authorization to enter into these contracts as required by Fed. R. Bankr. P. 4001(c).

17. Furthermore, Mr. Seawright made a material misrepresentation as to the Debtor's bankruptcy status by executing the Policy Documents knowing that the Debtor had filed bankruptcy just hours before it obtained the Policies.

18. The Court should therefore determine that the Policy Documents are therefore void *ab initio*, and that the Debtor did not have any contractual rights that are or should be protected by the automatic stay.

19. Furthermore, Paragraph 13 of the Contract, "Default/Cancellation" states:

> If INSURED fails to make any payment according to the terms of this Agreement, this shall constitute a default . . . without further notice to the insured . . .Further, said default shall be deemed an election on the part of the INSURED to cancel the policy . . . [.]

Accordingly, even if the Policy Documents constituted valid, post-petition insurance (which they were not), cancellations do not violate the automatic stay because insurance policies cannot be rewritten to prevent the termination of a contract by their own terms.[3] Further, contracts are no longer executory where contracts are terminated because of their own terms due to a debtor's failure to make post-petition payments, therefore resulting in the Debtor losing any interests that would be protected by the automatic stay.

**WHEREFORE**, First Light requests that this Court deny the Motion, First Light further prays for general relief.

**THIS** the 1st day of March, 2019.

Respectfully submitted,

**FIRST LIGHT PROGRAM MANAGERS, INC.**

By: /s/ William H. Leech
William H. Leech, MSB No. 1175
Sarah Beth Wilson, MSB No. 103650
Christopher H. Meredith, MSB No. 103656
Shauncey G. Hunter, MSB No. 105189
*Its Attorneys*

---

[3] *Nicholls v. Zurich Am. Ins. Grp.*, 244 F. Supp. 2d 1144, 1162 (D. Colo. 2003) (citations omitted).

OF COUNSEL:
COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (Zip—39157)
P.O. Box 6020
Ridgeland, MS 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626
bleech@cctb.com
sbwilson@cctb.com
cmeredith@cctb.com
shunter@cctb.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served via electronic mail a true and correct copy of the above and foregoing to:

>Craig M. Geno
>cmgeno@cmgenolaw.com
>*Attorney for the Debtor*
>
>Ronald H. McAlpin, Esq.
>Ronald.mcalpin@usdoj.gov
>*Attorney for the United States Trustee*

**THIS** the 1st day of March, 2019.

>/s/ William H. Leech
>*Of Counsel*